**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Biltform Architecture Group Incorporated, | No. CV-25-02764-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| BMA Architecture LLC and Brian M Andersen, | |
| Defendants. | |

Before the Court is Defendants BM Architecture, LLC ("BMA") and Brian M. Andersen's Partial Motion to Dismiss (Doc. 17). The Court **grants** the Motion for the reasons below.

I.      BACKGROUND

This is a copyright case regarding architectural designs. Plaintiff Biltform Architecture Group, Inc.'s ("Biltform") Complaint alleges as follows.

IDM Companies, a real estate developer, hired Biltform to design three apartment complexes: Cooley Station, Estrella Commons, and Canyon Crossroads. (*Id.* at 3–6.) In 2018, IDM and Biltform entered into an Architectural Proposal Agreement for each complex. (*Id.*) Each Agreement includes an identical provision confirming Biltform's proprietary ownership of its designs, drawings, documents, and instruments of service (collectively, the "Copyrighted Designs"):

**Ownership of Documents**

The Drawings and other documents, as instruments of service, are and shall

> remain the property of the Architect. They shall not be used on other projects or as the basis for drawings by others without written authorization from the Architect.

(*Id.* at 3, 4, 6.)  Biltform registered the Copyrighted Designs as architectural works with the United States Copyright Office ("USCO") and received a Certificate of Registration effective November 16, 2022.  (*Id.* at 3, 5, 6.)

On October 2, 2019, IDM and Biltform entered a Mutual Termination Agreement ("MTA").  The MTA provides:

> Client may continue to use the Architect's Instruments of Service solely and exclusively for purposes of constructing, using, maintaining, altering and adding to the Project, and to authorize the general contractor, subcontractors, sub-subcontractors, and supplies, as well as the Client's other consultants and separate contractors for the Project. Architect will deliver the complete Plans and Specifications in CAD format immediately upon execution of this Agreement.

(*Id.* at 6–7.)  Accordingly, Biltform delivered its Copyrighted Designs and specifications in CAD format to IDM for Cooley Station, Canyon Crossroads, and Estrella Commons. (*Id.* at 7.)

Biltform later discovered that IDM used the Copyrighted Designs to construct five separate apartment complexes (the "First Five Complexes") in Maricopa County.  (*Id.*) The First Five Complexes are designated as: Algodon, Glendale, Val Vista, Eastmark, and Queen Creek.  (*Id.* at 7–8.)

In February 2023, Biltform sued IDM for, among other things, copyright infringement (the "IDM Lawsuit").  (*Id.* at 8.)  During the IDM Lawsuit, Biltform discovered that Defendants BMA and Andersen held themselves out as the architects of record for the First Five Complexes.  (*Id.*)  Biltform also discovered that IDM used the Copyrighted Designs to construct six more apartment complexes: one in Washington state and five in Arizona (the "Additional Six Complexes").  (*Id.* at 8–9.)  Two of the Additional Six Complexes are designated as: Haagen II, and Estrella II.  (*Id.* at 8.)  Defendants also held themselves out as the architects of record for the Additional Six Complexes.  (*Id.* at 9.) Biltform refers to the First Five Complexes and the Additional Six Complexes collectively

as the "Infringing Complexes." (*Id.* at 9.)

Defendants did not perform any material design work on the Infringing Complexes. (*Id.*) The Infringing Complexes were all "based upon and substantially similar to Biltform's Copyrighted Designs." (*Id.*) Further, Defendants "knowingly obtained the Copyrighted Designs from IDM, replaced Biltform's name and logo on the designs and plans, and passed off the material portions of the designs and plans for the Infringing Complexes as their own." (*Id.*)

Biltform also alleges the following infringements. The Algodon agreement between IDM and BMA attached the Copyrighted Designs, and required Algodon to be based upon it. (*Id.*) For Haagen II, IDM directed Defendant Andersen to "use the Algodon footprints" because it wanted "basically the Algodon buildings as drawn." (*Id.*) For Estrella II, IDM expressly directed Defendant Andersen to "use the Algodon/Glendale plans including metal canopies on select buildings." (*Id.* at 10.) As to the First Five Complexes, BMA admitted that it utilized the Copyrighted Designs. (*Id.*) Defendants also represent on BMA's website that Algodon, Glendale, and Val Vista are "BMA Architecture Projects." (*Id.*)

Biltform subsequently sued Defendants BMA and Andersen in August 2025. (Doc. 1.) Biltform brings three claims: (1) copyright infringement; (2) violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.*; and (3) tortious interference. (*Id.* at 10–15.) Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss Biltform's DMCA claim. (Doc. 17.) After Defendants filed the present Motion, the Court consolidated this case with the IDM Lawsuit. (Doc. 22.)

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)).  This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**III.    DISCUSSION**

The DMCA makes it unlawful to "intentionally remove or alter any copyright management information" "knowing . . . that it will induce, enable, facilitate, or conceal

an infringement of any right under this title." § 1202(b)(1).  The DMCA defines copyright management information ("CMI") to mean eight categories of information "conveyed in connection with copies . . . of a work or performances or displays of a work."  § 1202(c).  Relevant here, CMI includes "[t]he name of, and other identifying information about, the author of a work." § 1202(c)(2).  Therefore, to allege a violation of § 1202(b)(1), a plaintiff must allege that a defendant intentionally removed or altered identifying information about the author of a work from a *copy* of that work.

Given this requirement, many courts in this Circuit have found that "no DMCA violation exists where the works are not identical."  *Kirk Kara Corp. v. W. Stone & Metal Corp.*, No. CV 20-1931-DMG (EX), 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020) (citing cases); *Advanta-STAR Auto. Rsch. Corp. of Am. v. Search Optics, LLC*, 672 F. Supp. 3d 1035, 1057 (S.D. Cal. 2023) (finding the cases cited in *Kirk Kara* "to be persuasive" and therefore ruling that plaintiff failed to state a claim for a violation of § 1202 of the DMCA because plaintiff "has not plausibly alleged that Defendants distributed identical copies" of plaintiff's work); *Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 971 (N.D. Cal. 2024) (recognizing that "this issue is unsettled," but agreed with "other district court decisions within the Ninth Circuit" and dismissed plaintiff's DMCA claim because there were "no allegations that any output from [defendant] was identical to a plaintiff's work").  The Court applied this standard in the IDM Lawsuit, and dismissed Biltform's DMCA claim against the IDM Defendants for this reason.  (Case No. 23-cv-00297-PHX-SMB, Doc. 22 at 7 (finding that "because Biltform does not allege that the original designs and copied designs are identical, the Court will grant IDM's motion to dismiss as to Count 2").)

Here, Biltform's DMCA claim fails for the same reason.  The Complaint states: "BMA and Andersen knowingly obtained Biltform's Copyrighted Designs and CAD files from IDM, replaced Biltform's name and logo on the designs and plans, and passed off the *material portions* of the designs and plans for the Infringing Complexes as their own." (Doc. 1 at 9 (emphasis added).)  The Complaint also alleges Defendant's works "were all based upon and substantially similar to Biltform's Copyrighted Designs and apartment

model." (Doc. 1 at 9.) These allegations are insufficient to satisfy the identical requirement. *See Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, 2024 WL 235217, at *9 (N.D. Cal. Jan. 22, 2024) ("Even where the underlying works are similar, courts have found that no DMCA violation exists unless the works are identical." (citation modified)).

Accordingly, the Court grants Defendants' Motion and dismisses Biltform's DMCA claim with prejudice because Biltform cannot cure this defect by amendment.

**IV.    CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED granting** Defendants' Partial Motion to Dismiss (Doc. 17) and **dismissing** Biltform's DMCA claim with prejudice.

Dated this 16th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge